# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

DAVID & TINA LONG,
Individually, and as Natural
Parents of TYLER LEE LONG,
Deceased,

     Plaintiffs,

v.

MURRAY COUNTY
SCHOOL DISTRICT &
GINA LINDER,
Capacity as Principal of Murray
County High School,

     Defendants.

CIVIL ACTION FILE
NO. 4:10-CV-00015-HLM

## ORDER

This case is before the Court on Plaintiffs' Motion to Seal Documents in the Record Including this Motion [184].

AO 72A

## I.   Background

This case involves the sensitive and topical issue of bullying.  Tyler Long ("Tyler") was born on April 25, 1992 and was diagnosed with Asperger's syndrome in 2005. (Am. Compl. ¶¶ 9-10.)[1]   On October 17, 2009, Tyler hanged himself with a belt.  (Id. ¶ 30.)  Plaintiffs allege that Defendants' failure to intervene, investigate, correct or train its employees to protect Tyler from bullying "was the sole or a substantial contributing cause of [Tyler's] decision to take his own life."  (Id. ¶ 36.)

---

[1]Asperger's syndrome is a form of autism.  The Complaint describes Asperger's syndrome as "a social anxiety disorder that prevents the afflicted individual from, among other things, normal social interaction with other people, understanding other people's emotions, and differentiating between joking and serious interaction with others."  (Am. Compl. ¶ 11.)

2

As a result of the sensitive and topical issues, the case has attracted significant media attention. Plaintiffs have told their story on numerous national television programs, including the Ellen Show, CNN, and ABC News 20/20. Additionally, Tyler's story is featured in "Bully," a new, highly publicized documentary produced by Harvey Weinstein. On March 29, 2012, Slate.com ("Slate") posted an article arguing that "Bully" oversimplifies the connection between bullying and suicide and criticizing the director for omitting Tyler's mental health history. (Pls.' Mot. Seal Ex. B.) Plaintiffs argue that the Slate article contains information from Defendants' Motion for Summary Judgment concerning

3

Tyler's diagnoses and treatment, as well as confidential settlement details.[2]

On March 30, 2012, Plaintiffs filed a Motion to Seal Documents in the Record Including this Motion ("Motion to Seal"). (Docket Entry No. 184.) Plaintiffs request that the Court immediately seal all pleadings that contain confidential and privileged information excerpted from Tyler's medical, psychiatric, and school records, including but not limited to Defendants' Motion for Summary Judgment and the Statement of Material Facts filed therewith. (Pls.' Mot. Seal at 4-5.) Plaintiffs also request that the Motion to Seal be filed under seal as it contains

---

[2]Plaintiffs accuse Defendants and/or their attorneys of leaking a confidential settlement demand and state that they are considering filing a Motion for Sanctions. The Court does not address those allegations at this time.

settlement information that is relevant to this Motion but should not be part of the public record.  (Id. at 5.)

On April 2, 2012, the Court entered an Order directing Defendants to file a response to the Motion to Seal within two days and ordering Plaintiffs to submit a list of pleadings that they request the Court place under seal within two days.  (Order of Apr. 2, 2012.)  On April 3, 2012, Defendants filed a consent motion requesting the full time under the Federal Rules to respond to Plaintiffs' Motion to Seal.  (Docket Entry No. 192.)  On that same day, the Court granted Defendants' Motion for Extension of Time.  (Order of Apr. 3, 2012.)

On April 9, 2012, Defendants filed a response to Plaintiffs' Motion to Seal.   (Docket Entry No. 194.)

⊃ 72A

Defendants argue that Plaintiffs have failed to demonstrate good cause to seal Defendants' Motion for Summary Judgment and Statement of Material Facts. (Id.) Given the time-sensitive nature of this dispute, the Court finds that a reply is unnecessary. The briefing process for this Motion is now complete, and the Court finds that the Motion is ripe for resolution.

## II. Discussion

### A. Standard

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978). "The common-law right of access to judicial proceedings, an essential component of our system of

6

AO 72A

justice, is instrumental in securing the integrity of the process. Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." Chicago Tribune v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (citing Nixon v. Warner Comm., Inc., 435 U.S. 589, 597 (1987)) (internal citations omitted). Although "'documents filed in connection with motions to compel discovery are not subject to the common-law right of access' . . . 'material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right.'" Romero v. Drummon Co., Inc., 480 F.3d 1234,

7

1245 (11th Cir. 2007) (quoting <u>Chicago Tribune</u>, 263 F.3d at 1311-12).

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" <u>Romero</u>, 480 F.3d at 1246 (quoting <u>Chicago Tribune</u>, 263 F.3d at 1309). To determine whether good cause exists, the Court must evaluate the "nature and character of the information in question." <u>Chicago Tribune</u>, 263 F.3d at 1311. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court

8

functions or harm legitimate privacy interests, the degree

of and likelihood of injury if made public, the reliability of

the information, whether there will be an opportunity to

respond to the information, whether the information

concerns public officials or public concerns, and the

availability of a less onerous alternative to sealing the

documents." <u>Romero</u>, 480 F.3d at 1246.

## B.   Discussion

For the following reasons, the Court denies in part

and grants in part Plaintiffs' Motion to Seal.   The Court

grants the Motion only as to Tyler's medical records

attached to Defendants' Motion for Summary Judgment.

9

## 1.   Public Interest

For the following reasons, the Court finds a strong interest in public access to the record in this case.  First, courts generally recognize that the public's interest in court records "is particularly legitimate and important where, as in this case, at least one of the parties is a public entity or official." <u>Jaufre ex. rel. Jaufre v. Taylor</u>, 351 F. Supp. 2d 514, 517 (E.D. La. 2005) (citing <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 784 (3d Cir. 1994)); <u>see also</u> <u>Romero</u>, 480 F.3d at 1245 (listing "whether the information concerns public officials or public concerns" as factor to consider in good cause analysis). This case is highly public and involves allegations of neglect against school officials.  The public consequently

10

has a strong interest in access to the court records.  <u>See</u>

<u>Doe v. Methacton School Dist.</u>, 878 F. Supp. 40, 43 (E.D.

Pa. 1995) (holding that plaintiff's interest in privacy did not

outweigh public's right to access because "parents have

an interest in learning how their school districts address

the issue of sexual molestation").

Second, the public has an interest in "being able to

ascertain how and why judges and other officials do what

they do." <u>United States v. Bradley</u>, No. 405CR059, 2007

WL 1703232, at *3 (S.D. Ga. June 11, 2007).   Plaintiffs

have  made  numerous  public  appearances  to  promote

bullying  awareness  and  tell  Tyler's  story.    In  those

appearances, Plaintiffs alleged that Defendants' failure to

adequately  respond  to  acts  of  bullying  against  Tyler

11

caused his suicide.    In their Motion for Summary Judgment, Defendants deny that Tyler was bullied, that Defendants failed to adequately respond, or that bullying caused Tyler to commit suicide.  Plaintiffs filed this Motion to Seal after Slate published an article articulating Defendants' version of the facts.  This Court will ultimately evaluate the validity of Plaintiffs' claims and, given the level of public attention focused on this case, public access to the records is essential to preserve trust and respect for the court system.  Id.

Third, prior "public access weighs in favor of continued public access." Jaufre, 351 F. Supp. 2d at 518 (citing EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1410 (D.C. Cir. 1996)).  The public in this case has had

access to the disputed documents for over three months. There is no protective order in place, and, prior to filing this Motion, Plaintiffs have made no efforts to protect the confidentiality of Tyler's medical or psychiatric records. The prior availability of the documents weighs against restricting public access.

In sum, the Court finds a particularly strong public interest in access to the records in this case. The Court weighs the public interest against Plaintiffs' interests in sealing the documents.

### 2.   Plaintiffs' Interests

A request to seal court records must be "narrowly tailored" to protect the party's asserted interest. United States v. Ochoa-Vasquez, 428 F.3d 1015, 1030 (11th Cir.

13

2005); see also Bradley, 2007 WL 1703232, at *3 ("Specificity, then, is what a sealing court needs in order to surmount the public's otherwise overriding interest against sealing . . . ."). "[S]tereotyped and conclusory statements" in support of sealing records are insufficient to "establish good cause." Romero, 480 F.3d at 1247. Plaintiffs fail to articulate the precise privacy interests at stake and to narrowly tailor their Motion to protect those interests.

Plaintiffs broadly request that the Court "immediately seal all pleadings that contain confidential and privileged information excerpted from Tyler Long's medical, psychiatric and school records, including but not limited to Defendants' Motion for Summary Judgment and the

14

Statement of Material Facts filed therewith." (Pls.' Mot. Seal at 4-5.)[3] Plaintiffs argue that sealing the records and pleadings is critical to maintain the confidentiality of Tyler's protected medical, psychological, and educational information, to avoid misuse in the media, and to prevent tainting and disqualifying potential jurors. The Court evaluates the potential risk of jury taint and media misuse and analyzes whether Plaintiffs have demonstrated good cause to seal Defendants' Motion for Summary Judgment and Statement of Material Facts, Tyler's school and

---

[3]The Court finds that Plaintiffs request to seal: (1) Defendants' brief in support of their Motion for Summary Judgment (Docket Entry No. 107-16); (2) Defendants' Statement of Material Facts (Docket Entry No. 107-17); (3) Tyler's medical records (Docket Entry No 107-2 - 107-11); (4) Tyler's psychiatric records (Docket Entry No. 107-12); (5) this Motion to Seal (Docket Entry No. 184); and (6) unspecific school records.

psychiatric records, Tyler's medical records, and this Motion to Seal.

## a.   Media Misuse and Jury Taint

The Court cannot find that the Motion to Seal would prevent media misuse or avoid tainting and disqualifying potential jurors.   This case has already received significant media attention, most of it from Plaintiffs' perspective.   The Court cannot control how the media covers the case, and no court has recognized media misuse as an interest sufficient to overcome the common law right of access.[4]   Sealing Defendants' pleadings and

---

[4]In the Slate article, the reporter argues that the movie "Bully" fails to provide a full, accurate picture of the circumstances surrounding Tyler's suicide.   Plaintiffs argue that the Slate reporter's story is inaccurate and demonstrates either clear incompetence or unexplained bias.   Both parties are entitled to publically advocate their position, and the media is permitted to

16

Tyler's medical, psychiatric, and school records would not decrease the public attention on this case or prevent potential jurors from learning about this case.[5] Regardless of what documents are available on the record, the media attention will continue and the Court will be able to find qualified jurors. The Court therefore cannot find that the risk of media misuse or jury taint weighs in favor of restricting public access.

---

view the record and interpret the facts as it wishes. The Court cannot find that Plaintiffs have an interest in preventing Defendants' version of the facts from being exposed to the public. Rather, equal access to both sides of the case best serves both the public and the Court's best interests.

[5]Access to those records do less to taint a potential jury than Plaintiffs' appearances in the national media. In any event, the Court is confident it can find an unbiased jury.

17

### b. Defendants' Motion for Summary Judgment and Statement of Material Facts

Plaintiffs argue that the Court should seal Defendants' pleadings because Defendants extracted numerous confidential items from Tyler's medical, psychiatric, and school records.  The Court disagrees.  By bringing this case and soliciting media attention, Plaintiffs have made the issues in this case public.   The confidential information referenced in Defendants' Motion for Summary Judgment and Statement of Material Facts directly affects the outcome of the case.   There is a strong public interest in allowing the public and the media access to both parties' pleadings, and Plaintiffs fail to identify any specific, overriding privacy interest.

18

Moreover, Plaintiffs' privacy interest is diminished because the pleadings have been accessible to the public for over three months and Plaintiffs have not previously sought a protective order or filed a motion to seal. Under those circumstances, the Court finds that Plaintiffs fail to establish good cause to seal Defendants' Motion for Summary Judgment and Statement of Material Facts.

### c.   School and Psychiatric Records

Plaintiffs argue that the Court should restrict access to Tyler's school and psychiatric records to protect Tyler's confidentiality.[6]   "[D]ocuments that directly affect an

_____

[6]Plaintiffs' Motion to Seal does not specifically identify the school records Plaintiffs seek to seal. On January 5, 2012, the Court granted Defendants' Motion to File Student Disciplinary Records Under Seal. (Order of Jan. 10, 2012.) In addition, both parties have protected the identity of any minors in this case by only using their initials. (Order of Jan. 5, 2012; Order of Mar. 1,

adjudication and play a significant role in determining a litigants' substantive rights," however, "are entitled to the strongest presumption" of public access. <u>Bradley</u>, 2007 WL 1703232, at *2 (citing <u>U.S. v. Sattar</u>, 471 F. Supp. 2d 380, 385 (S.D.N.Y.2006)).   The information in Tyler's psychiatric and school records are highly relevant to the outcome of this case, and Plaintiffs fail to identify any specific, overriding privacy interest to establish good cause.   <u>See Bradley</u>, 2007 Wl 1703232, at *3 ("[T]he mere risk of embarrassment alone may be trumped by the public's interest in being able to ascertain how and why judges and other government officials do what they do.") To protect students' privacy interests, the Court granted

---

2012.)

Defendants' Motion to File Student Disciplinary Records Under Seal, and the parties have identified minors only by their initials.  (Order of Jan. 10, 2012.)  By filing a case alleging that Murray County School District's failure to act led to Tyler's suicide, Plaintiffs put Tyler's psychiatric and school records at issue.  Moreover, Tyler's psychiatric and school records have been on public the record for three months, and Plaintiffs have previously made no effort to protect Tyler's psychiatric or school records through a motion to seal or protective order.  The Court consequently finds that Plaintiffs fail to establish good cause to seal Tyler school and psychiatric records.

21

### d.   Medical Records

The Court recognizes Plaintiffs' legitimate privacy interest in protecting Tyler's medical records.[7]  Although Tyler's medical information has been on the record for over three months, Tyler was a minor at the time of his death, and the records contain sensitive, personal information. See Bradley, 2007 WL 1703232, at *1 (stating that courts routinely seal medical records to prevent embarrassing disclosure); see also Jessup v. Luther, 277 F.3d 926, 928 (7th Cir. 2002) (holding that privacy of children may constitute compelling interest in secrecy).  In addition, the public interest in Tyler's medical

---

[7]Exhibit A to Defendants' Motion for Summary Judgment contains Tyler's medical records from The Children's Doctors. (Defs.' Mot. Summ J. Ex. A, Docket Entry Nos. 107-2 to 107-11.)

22

records is weaker because, unlike the psychiatric and school records, the information in Tyler's medical records is not central to the issues in this case. The Court therefore finds that Plaintiffs have established good cause to seal Tyler's medical records.

### e.   Motion to Seal

Plaintiffs also argue that this Motion contains sensitive settlement information and should be kept under seal. Defendants have not offered the settlement demand into evidence and, absent a confidentiality agreement, any party to settlement negotiations runs the risk that its negotiating position will be made public. Plaintiffs do not contend that such a confidentially agreement exists in this case. The Court therefore

23

AO 72A

cannot find that Plaintiffs have established good cause sufficient to overcome the presumption of public access to this Motion.

AO 72A

## III. Conclusion

ACCORDINGLY, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Seal Documents in the Record Including this Motion [184].   The Court **GRANTS** the Motion only as to Tyler Long's medical records, and **DIRECTS** the Clerk to **SEAL** Tyler's medical records attached to Defendants' Motion for Summary Judgment [107-2-107-11].[8]

IT IS SO ORDERED, this the 16 day of April, 2012.

UNITED STATES DISTRICT JUDGE

---

[8]On April 12, 2012, Plaintiffs filed a Motion to Seal Original Depositions.  (Docket Entry No. 195.)  The Court does not address that Motion at this time.

72A